IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DJONE RENOIR REEVES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:07-CV-0222 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION**
**TO DENY PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is a Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner DJONE RENOIR REEVES challenging the result of a prison disciplinary proceeding. For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that the petition for a writ of habeas corpus should be DENIED.

I.
BACKGROUND

Petitioner is in respondent's custody pursuant to two (2) April 12, 1991 convictions for the felony offenses of delivery of methamphetamine and delivery of L.S.D. out of the 219th Judicial District Court of Collin County, Texas, and the resultant 60-year concurrent sentences. *State v. Reeves*, No. 219-80218-91 and 219-80219-91. Further elaboration of the specifics of petitioner's state court convictions and any post-conviction proceedings is unnecessary as petitioner complains

solely of a disciplinary proceeding which took place at the Clements Unit in Amarillo, Texas. At the time petitioner filed the instant habeas application he was still confined in the Clements Unit.

II.
DISCIPLINARY PROCEEDINGS

On June 14, 2007, petitioner was charged, in Cause No. 20070289783, with the prison disciplinary offense of attempting to establish an inappropriate relationship with a staff member, a Level 2, Code 30.1 violation. Code 30.1 of the Disciplinary Rules and Procedures for Offenders describes the offense as "[a]ttempting to establish an inappropriate relationship with a staff member, an approved volunteer, or contract employee" and defines the offense as "attempting to establish, any type of personal relationship with staff or volunteers that jeopardizes, or has the potential to jeopardize the security of the agency or which compromises the effectiveness of the staff member, volunteer or contract employee." The June 14, 2007 Offense Report described petitioner's offense as:

> attempt[ing] to establish an inappropriate relationship with Sergeant C. Lindsey which has the potential to jeopardize the security of the agency or compromise the effectiveness of the employee by sending Sergeant Lindsey a certified letter through the mail room of a personal and romantic nature.

As additional information the Offense Report stated:

> On 6/14/07 the mailroom received a certified letter from [petitioner] that was being sent to Sergeant Lindsey who is assigned to ECB second shift. In the letter there was a drawing that the offender had completed that was meant for Sergeant Lindsey and there was six hand written pages to Sergeant Lindsey that were of a personal nature. The letter was confiscated and this disciplinary was written.

On June 19, 2007, a Hearing Officer conducted a prison disciplinary proceeding on the charge. Petitioner was present and pled not guilty to the charged offense. At the hearing, petitioner admitted sending the letter to the staff member but argued he had sent other certified mail letters to

Sergeant Lindsey prior to the one at issue.[1] Petitioner further argued there was no prohibition against sending certified letters to staff and that the letter was not of a "personal and romantic nature" as described in the offense description of the Offense Report. The Hearing Officer, in response to petitioner's inquiry as to whether the Hearing Officer had read the letter, acknowledged he had not read the letter. The Hearing Officer, however, recessed the June 19th hearing so counsel substitute could secure a statement from a mail room witness as requested by petitioner.

On June 21, 2007, the Hearing Officer reconvened the hearing. At this hearing, counsel substitute paraphrased a statement from Mr. T. Baker, the witness requested by petitioner. Mr. Baker had confirmed he had previously picked up other certified letters from petitioner but could not verify the dates.[2] Counsel substitute argued petitioner could not be found guilty because the letter, while of a personal nature, was not also of a romantic nature as described in the Offense Report. At the conclusion of the hearing, the hearing officer found petitioner guilty of the offense based on the charging officer's report, petitioner's admission that he did, in fact, send the prison staff member the letter, and the mail room employee's statement that he had picked up, from petitioner, the certified letter to a staff member. As punishment, thirty (30) days of petitioner's previously accrued good time credits were forfeited.[3] Following the finding of guilt in the disciplinary proceeding, petitioner filed a Step 1 grievance which was denied August 6, 2007, and a Step 2 grievance which was denied September 11, 2007.

---

[1] The record also contains a witness statement from Sergeant Lindsey wherein she stated she did not recall petitioner sending her "any letters (uncertified)."

[2] The record also contains a witness statement from a Ms. Wolfe, a mail room employee, wherein she stated petitioner attempted to mail a certified letter to Sergeant Lindsey on May 3, 2007 but that the letter was given to a Captain Richardson.

[3] Other punishment with which petitioner was assessed constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends his federal constitutional rights were violated with regard to the disciplinary proceeding in the following respects:

1. Petitioner's due process rights were violated because the Hearing Officer admitted, during the June 19, 2007 hearing, that he had not yet read the letter, the act on which the charges against petitioner were based;

2. The Hearing Officer stated, during the June 19, 2007 hearing, that sending a certified letter to a TDCJ-CID employee was against the rules, even though the act of certifying the letter itself is not against the rules, and the Hearing Officer found petitioner guilty because he sent the letter certified; and

3. The Hearing Officer erred in denying petitioner's request to dismiss the charges.

## III.
## MERITS

In order to prevail, petitioner must show his due process rights were violated during the disciplinary process. The United States Supreme Court has outlined the due process to which a prisoner is entitled during a disciplinary proceeding. In *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Court held that while disciplinary proceedings are not part of the criminal prosecution process and, therefore, the full panoply of rights does not apply, there are certain minimal due process provisions required to be satisfied. Those are: (1) advance written notice of the charges; (2) an opportunity to call witnesses and/or present documentary evidence when such presentation is not unduly hazardous to institutional safety or correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action.

In the Fifth Circuit the findings of the prison disciplinary hearing shall not be disturbed unless they are arbitrary and capricious. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Further, federal courts do not review the sufficiency of the evidence since a finding of guilt requires only the support of some facts, or any evidence at all. *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986).

In this case, on June 18, 2007, at 3:45 a.m., petitioner was given written notice of the June 19, 2007, 4:50 a.m. disciplinary hearing. Such notice fulfilled the 24-hour notice required. Moreover, the June 19, 2007 hearing was recessed and was not reconvened until June 21, 2007. The undersigned finds petitioner received sufficient advance written notice of the charges.

Petitioner was informed of his rights and given the opportunity to call and question witnesses and present documentary evidence. Petitioner was permitted to attend his hearing and was given the opportunity to make a statement on his behalf. Petitioner was provided a written report of the disciplinary hearing stating the evidence relied upon and the reason for the disciplinary action. Petitioner was provided the procedural due process outlines in *Wolff*.

Statement that Evidence not Reviewed

In his first ground, petitioner appears to claim his due process rights were violated because the hearing officer stated he had not reviewed the evidence which formed the basis of the charge against petitioner, *i.e.*, had not read the letter. Although the tape of the hearing is, for the most part, indecipherable, it does appear the Hearing Officer, at the June 19, 2007 hearing, did, in fact, acknowledge he had not yet read the letter in question. Petitioner presents no evidence, however, that the hearing officer did not read the letter later, either at that hearing, during the period before the next hearing on June 21, 2007, or during the next hearing. Nor does the tape indicate the

hearing officer had not read the letter prior to finding petitioner guilty. The disciplinary hearing record shows the letter itself was in evidence, as well as the offense report describing the letter. Petitioner has not shown he suffered any federal constitutional due process violation under this ground.

To the extent, if any, petitioner is arguing he was, in fact, denied a neutral hearing officer to preside over his disciplinary hearing and, thus, his fundamental right to due process under the United States Constitution was violated, petitioner's claim should be denied because any claim that the Hearing Officer was not an impartial decision maker is conclusory. Petitioner offers absolutely nothing to demonstrate the officer was not fair and neutral. Petitioner has presented nothing to substantiate or support any allegation that the officer had undue bias or preconceived opinions. Petitioner's first ground should be denied.

### Certification of Letter

In his second ground, petitioner complains of a statement made by the Hearing Officer during the disciplinary hearing. Petitioner appears to contend his federal right to due process was violated because the Hearing Officer erroneously stated, during the initial part of the hearing, that sending a certified letter to a TDCJ-CID employee was against the rules. Petitioner argues this statement was erroneous because there is no rule prohibiting an inmate from sending a certified letter. Petitioner's real argument appears to be that the fact finder/Hearing Officer misunderstood the prison rule, construing the rule as prohibiting -certified- letters instead of prohibiting an attempt to establish an inappropriate relationship.

Again, the tape recording of the hearing is, for the most part, unintelligible. However, petitioner cites no authority, and the Court has found none, indicating the disciplinary proceeding

would be void as a result of an improper statement made by the hearing officer. Moreover, petitioner does not indicate how such a statement, even if made and if erroneous, harmed petitioner or resulted in a violation of petitioner's constitutionally protected due process rights. The letter was clearly personal and there was some evidence to support the guilty finding. Petitioner has not demonstrated the violation of a constitutionally protected right, or a denial of due process, and is entitled to no relief with regard to this ground.

### Failure to Dismiss

By his third ground, petitioner contends the hearing officer erroneously denied his request to dismiss the charges because no prison disciplinary rule prohibits an inmate from sending a certified letter.[4] Despite any misleading comment which might have been made by the Hearing Officer during the hearing concerning certified mail, the disciplinary case was not based on petitioner's action of sending a letter to Sgt. Lindsey by certified mail. Instead, the basis of the disciplinary charge was petitioner's attempt to establish, through his letter to the sergeant, any type of personal relationship with a staff member which had the potential to jeopardize the security of the agency or compromise the effectiveness of that staff member. Petitioner has not demonstrated any constitutional violation occurred by the Hearing Officer's failure to dismiss the charges based upon petitioner's argument that sending a certified letter to a staff member did not violate a prison disciplinary rule.

To the extent, if any, petitioner is claiming the evidence was insufficient to support the

---

[4]Petitioner contends his counsel substitute sought dismissal of the charges against petitioner on the basis that petitioner did not violate any rule prohibiting sending a letter by certified mail. Again, the tape recording is not clear. It is discernible, however, to the extent that counsel substitute can be heard requesting the charges be dismissed because the letters were not of a romantic nature as stated in the disciplinary report. The Court cannot determine whether counsel also requested dismissal on the basis that sending certified letters to staff members was not a violation, in and of itself.

guilty finding, petitioner's argument fails. As previously noted, petitioner argued, at the hearing, that he could not be found guilty of the charge because the letter was not of a "romantic nature" as alleged in the disciplinary report. Such an argument is without merit.

The offense with which petitioner was charged requires only that petitioner attempt to establish an inappropriate relationship with a staff member by attempting to establish any type of *personal* relationship with the staff member. Notice was given to petitioner that he was alleged to have committed this offense by attempting to establish a personal relationship with Sergeant Lindsey through a letter to the staff member. Whether the letter could be construed as being "romantic" in nature is not determinative, and it was unnecessary for TDCJ to include such language in the charge. A disciplinary proceeding is not equivalent to a criminal prosecution. The additional descriptive language regarding the "romantic nature" of the letter, which was included in the Offense Report, did not constitute a required element to be proven in order to find petitioner guilty of committing the charged disciplinary offense. Such language, instead, was merely surplusage. Review of the letter in evidence demonstrates there was no legitimate penal or TDCJ-CID business-related purpose to petitioner's letter. Instead, the letter appears to be petitioner gossiping about the happenings at the prison and advising the staff member of actions she should take with regard to another prison guard. The letter clearly shows petitioner was attempting to establish a type of personal relationship with the staff member. Such a personal relationship was inappropriate, had the potential of compromising the effectiveness of the staff member, and violated TDCJ-CID rules. The evidence was sufficient to support a finding of guilt of the charged disciplinary offense. Petitioner's third claim is without merit and should be denied.

## IV.
## RECOMMENDATION

Based upon the foregoing, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner is without merit and should be, in all things, DENIED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 29th day of September, 2010.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services*

*Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).